**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

RANDALL McARTY
ADC #101565                                                                          PLAINTIFF

V.                                          NO: 4:07CV00527 WRW/HDY

MIKE BEEBE                                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was  not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the

1

hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original,  of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Tucker Unit of the Arkansas Department of Correction, filed a *pro

se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983 on May 29, 2007, and service was

ordered.  On July 11, 2007, Defendant filed a motion to dismiss (docket entry #10), along with a

brief in support (docket entry #11).  Plaintiff filed a response on July 17, 2007 (docket entry #13).

Defendant replied to that response on July 18, 2007 (docket entry #15), and Plaintiff filed a second

response on July 24, 2007 (docket entry #16).

## I.  Standard of Review

In  evaluating a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6),  the

Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears

beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would

entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist*., 133 F.3d 649, 651 (8th Cir.

1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's

*pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines

2

*v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

## II.  Facts

According to Plaintiff's complaint, he has been sentenced to life in prison, yet is ineligible for parole in the same manner as someone who has been sentenced to life in prison without the possibility of parole.  Plaintiff asserts that prior to the enaction of Act 825 of 1983, codified at Ark. Code. Ann. § 16-93-607, an inmate serving life in prison was eligible for parole after serving 15 years in prison.  Plaintiff contends that his parole ineligibility under Ark. Code. Ann. § 16-93-607 is an unconstitutional restriction on the Parole Board's ability to determine parole eligibility, and is unconstitutionally discriminatory.  For the reasons set forth below, Defendant's motion to dismiss should be granted.

## III.  Analysis

In Arkansas, parole eligibility is determined by the law in effect at the time the crime is committed.  *Boles v. Huckabee*, 340 Ark. 410, 412, 12 S.W. 3d 201, 202 (2000).  The law in effect at that time Plaintiff committed his crime, Ark. Code. Ann. § 16-93-607(c)(1), provides that an inmate sentenced to life imprisonment is not eligible for release on parole unless the sentence is commuted to a term of years by executive clemency.[1]  Plaintiff's belief that Ark. Code. Ann. § 16-93-607 improperly restricts the Parole Board's powers pursuant to Ark. Code. Ann. § 16-93-206 is mistaken.  Ark. Code. Ann. § 16-93-206(a)(1) states that "*[f]or those persons eligible for parole*, the Parole Board shall retain the power to determine which persons shall be placed on parole, and to fix the time and conditions of the parole" (emphasis added).  Because, in the absence of executive clemency, Plaintiff is ineligible for parole, Ark. Code. Ann. § 16-93-206 is inapplicable to Plaintiff's case.  Likewise, Ark. Code. Ann. § 16-93-607 is not an unconstitutional executive branch

---

[1]Plaintiff was convicted of a July 31, 1992, murder.

infringement upon the Parole Board, but rather a legislative determination that parole should not be granted to an individual sentenced to life in prison, unless that individual has received executive clemency. As applicable to Plaintiff, the legislature has vested an eligibility for parole determination in the Governor while retaining the ultimate issue of actual parole for an eligible individual in the Parole Board. There is nothing inherently unconstitutional about such a statutory provision.

Plaintiff is also incorrect in his assertion that his equal protection rights are being violated by the fact that individuals sentenced under a prior law governing life sentences were eligible for parole after serving 15 years. Plaintiff has not alleged membership in a protected class. Additionally, he has no fundamental right to parole, *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); and nothing in the Arkansas statutes creates a right of an inmate to be released on parole. *Robinson v. Mabry*, 476 F.Supp. 1022, 1023 (E.D. Ark. 1979). Accordingly, he has no equal protection claim, and his complaint should be dismissed. *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim).

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant's motion to dismiss (docket entry #10) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      All pending motions be DENIED AS MOOT.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___16___ day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE